IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA MAUDALENA OROZCO SANDOVAL,

Petitioner,

v. No. 2:26-cv-02442-KG-SCY

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Maria Maudalena Orozco Sandoval's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 6, Petitioner's Motion for Immediate Release, Doc. 7, and Petitioner's Motion to Expedite Release, Doc. 8. For the reasons below, the Court denies the petition.

## *I. Background*

Petitioner, a native and citizen of Nicaragua, entered the United States in 2022 and was admitted under the Alternatives to Detention program. Doc. 1 at 6; Doc. 6 at 1. Petitioner subsequently applied for asylum. Doc. 1 at 5.

In November 2025, Immigration and Customs Enforcement ("ICE") officers arrested her and placed her in immigration detention. *See* Doc. 6-1.

On January 2, 2026, an immigration judge denied Petitioner's request for bond. Doc. 6-3 at 1. The written order stated that Petitioner "has not met her burden of showing that she is not a flight risk." *Id.*

An immigration judge administratively closed Petitioner's asylum application and ordered her removed to Ecuador, Honduras, and Guatemala on February 5, 2026. Doc. 6-4 at 1. Petitioner appealed that order—her appeal remains pending with the Board of Immigration Appeals ("BIA"). Doc. 6 at 2; Doc. 1 at 4–5.

Petitioner now argues that bail was denied "even though [she] had submitted documentation regarding family ties, established roots, community connections, and employment stability." Doc. 1 at 1–2. The Government opposes the Petition. *See generally* Doc. 6.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025). Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

## *III. Analysis*

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for four years and was not arrested at a port of entry or near the border. Doc. 1 at 6. She therefore was not seeking admission at the time of her arrest. While an immigration judge ordered her removed, that order is not administratively final because her appeal remains pending in front of the BIA. Doc. 6 at 2. Therefore, her detention is governed by § 1226.

The Court nonetheless declines to grant relief because Petitioner received the bond hearing to which she is entitled. At that hearing, the immigration judge found that Petitioner failed to carry her burden of demonstrating that she is not a flight risk. *See* Doc. 6-3 at 1. Nothing in the record demonstrates that the hearing was otherwise unconstitutional.

Petitioner argues that the immigration judge did not consider relevant evidence, such as "family ties, established roots, community connections, and employment stability." Doc. 1 at 2. But this Court lacks jurisdiction to evaluate that evidence; Petitioner's challenge is properly directed to the BIA. § 1226(e). Accordingly, her detention remains constitutional.

## *IV. Conclusion*

For the reasons above, Court dismisses the Petition, Doc. 1, without prejudice. Petitioner's outstanding motions, Docs. 7, 8, are denied for the same reasons. Petitioner may file a renewed habeas petition if the circumstances of her detention materially change.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.